IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JUDITH JONES                                                                                               PLAINTIFF

vs.                                         Civil No. 1:06-cv-01026

MICHAEL J. ASTRUE[1]                                                                                DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Judith Jones ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Dkt. No. 3).[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

The applications for DIB and SSI now before this Court were filed on January 13, 2003. (Tr. 49, 300). These applications allege an onset date of October 18, 2002 due to multiple

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The document numbers for this case are referenced by the designation "Dkt. No." The transcript pages for this case are referenced by the designation "Tr."

impairments. (Tr. 16). The Plaintiff's applications were initially denied on March 3, 2003, and again on reconsideration on May 28, 2003. (Tr. 28-31). The Plaintiff requested an administrative hearing which was held on October 11, 2005, in El Dorado, Arkansas. (Tr. 16, 329). The Plaintiff was present and was represented by an attorney, Denver Thorton, at the hearing. (Tr. 16, 329). The Plaintiff's daughter, Dezrae Box, was also present at the hearing but did not testify. (Tr. 16, 329). At the time of the hearing, the Plaintiff was fifty (50) years old with a high school education. (Tr. 16, 332-333).

On December 28, 2005, the Administrative Law Judge ("ALJ") issued a written opinion denying Plaintiff's applications. (Tr. 16-21). The ALJ concluded the Plaintiff had not engaged in Substantial Gainful Activity ("SGA") at any time since the alleged onset date. (Tr. 16). The ALJ found the Plaintiff has "polyarthralgias of the small joints of upper and lower extremities; fibromyalgia; persistent puffiness of the hands, without discrete synovitis; conductive hearing loss and nerve deafness in the right ear with excellent benefit from hearing aids; a history of cervical disc surgery; low back pain; right knee pain, chronic pain syndrome, bilateral knee pain, hypertension, hyperlipidemia, anxiety NOS, and multiple polyarthralgia and myalgias." (Tr. 20, Finding 3). The ALJ determined these impairments or combination of impairments, although severe, did not meet the requirements of Appendix 1, Subpart P, Regulations No. 4 ("Listings"). *Id.*

The ALJ also evaluated the subjective complaints of the Plaintiff and determined the Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 20-21, Findings 4-5). The Plaintiff alleged that due to her impairments, she suffers from disabling pain and is unable to work. (Tr. 17-18). The ALJ concluded these subjective complaints were not credible due to a number of

inconsistencies regarding the nature and extent of the Plaintiff's alleged impairment. (Tr. 18-19). Based upon this credibility determination and the ALJ's examination of the Plaintiff's medical records, the ALJ concluded the Plaintiff had the RFC to "lift and carry up to 20 pounds occasionally; stand and walk for 6 hours in an 8 hour work period, 1 hour without interruption; and sit for a total of 6 hours in an 8 hour work period, 2 without interruption." (Tr. 20, Finding 5). The ALJ determined the Plaintiff "can never climb, crouch, or crawl; occasionally balance, stoop, kneel; has no significant impairment in the ability to reach, handle, feel, see, and speak; has a slight impairment in the ability to hear, can push/pull 20 pounds; and is restricted from heights and vibrations." *Id.* The ALJ determined the Plaintiff "has a good ability to follow work rules, a fair ability to relate to coworkers; a fair ability to deal with the public; a fair ability to use judgment; a fair ability to interact with supervisors; a fair ability to deal with stresses; a good ability to function independently; a fair ability to maintain attention/concentration; a fair ability to understand, remember, and carry out detailed but not complex job instructions; a good ability to understand, remember, and carry out simple job instructions; a good ability to maintain personal appearance; a good ability to behave in an emotionally stable manner; a good ability to relate predictably in social situations; and a fair ability to demonstrate reliability." (Tr. 20-21, Finding 5).

The ALJ also determined the Plaintiff could perform her Past Relevant Work ("PRW"). (Tr. 19). Vocational Expert ("VE") Mack Welch testified at the administrative hearing and addressed this issue. (Tr. 19, 355-357). The VE testified the Plaintiff's PRW included work as a truck unloader and waitress. (Tr. 16, 355). The VE testified that a hypothetical person with the Plaintiff's RFC could perform the Plaintiff's PRW as a waitress. (Tr. 355-356). Based upon the

VE's testimony, the ALJ concluded the Plaintiff was not disabled. (Tr. 21, Findings 9-10).

On March 7, 2006, the Appeals Council declined to review this decision. (Tr. 9-11). Subsequently, on March 21, 2006, the Plaintiff filed this action. (Dkt. No. 1). This case was referred to the undersigned on April 11, 2007. The Plaintiff and the Defendant have filed appeal briefs. (Dkt. Nos. 7-8). This case is ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one

4

year and that prevents him or her from engaging in any SGA. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a SGA; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

**3. Discussion:**

Plaintiff brings the present appeal claiming she is disabled due to a number of impairments. (Dkt. No. 7, Pages 1-2). The Plaintiff does not claim she qualifies under one of the Listings. *Id.*

Instead, the Plaintiff claims (1) the ALJ erred in his credibility or *Polaski* determination, (2) the ALJ erred in phrasing his hypothetical to the VE, and (3) the ALJ erred in determining the Plaintiff had the RFC to perform "light" work. (Dkt. No. 7, Pages 3-20). The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain, the ALJ properly phrased his hypothetical to the VE, and the ALJ properly determined the Plaintiff retained the RFC to perform a significant range of light work. (Dkt. No. 8, 3-11). Because this Court finds the ALJ erred in his credibility or *Polaski* determination, which causes this Court to find error in both the hypothetical posed to the VE and the ALJ's RFC determination, this Court will not address the Plaintiff's second and third arguments for reversal.

In assessing the credibility of a claimant at Step 4, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). These five *Polaski* factors, which provide as follows, must be analyzed and considered in light of the claimant's subjective complaints of pain and discomfort: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *Id.* at 1322. Although the ALJ is not required to discuss all of the *Polaski* factors in detail, the ALJ is required to acknowledge and to examine the *Polaski* factors before discounting the plaintiff's subjective complaints of pain. *See Lowe v. Apfel,* 226 F.3d 969, 371-72 (8th Cir. 2000).

The ALJ must also consider the record as a whole in determining whether to discount the claimant's subjective complaints of pain. *See Fredrickson v. Barnhart,* 359 F.3d 972, 976 (8th Cir. 2004). An ALJ may not discount the Plaintiff's subjective complaints of pain simply because the Plaintiff can perform household or daily activities. *See Draper v. Barnhart,* 425 F.3d 1127, 1131

(8th Cir. 2005) (stating, "as we said in *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir.1982) (en banc), the test is whether the claimant has 'the ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world.' In other words, evidence of performing general housework does not preclude a finding of disability."). This holding is especially true in the present action, where the claimant suffers from fibromyalgia. (Tr. 20, Finding 3). *See Brosnahan v. Barnhart,* 336 F.3d 671, 677 (8th Cir. 2003). In *Brosnahan,* a fibromyalgia case, the Eighth Circuit held that "the ability to engage in activities such as cooking, cleaning, and hobbies, does not constitute substantial evidence of the ability to engage in substantial gainful activity." *See id.*

Likewise, the ALJ may not base his or her credibility determination almost entirely upon the Plaintiff's medical records. *See Fredrickson,* 359 F.3d at 976 (quoting *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984)) (stating "the ALJ may not disregard such complaints 'solely because the objective medical evidence does not fully support them.'"). Although the ALJ may consider the claimant's medical records in light of other evidence in the record, the ALJ must review the record as a whole in making his or her credibility determination and not just the Plaintiff's medical records. *Id.* Furthermore, if the ALJ finds inconsistencies between the Plaintiff's medical records and the Plaintiff's subjective complaints of pain, the ALJ must set forth those inconsistencies in the record. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998) (stating, "when rejecting a claimant's complaints of pain, the ALJ must make an express credibility determination, must detail reasons for discrediting the testimony, must set forth the inconsistencies, and must discuss the *Polaski* factors"); *Lewis v. Barnhart,* 353 F.3d 642, 645-46 (8th Cir. 2003). If the inconsistencies are not stated in the ALJ's opinion and the ALJ's credibility determination

is not otherwise supported by the record as a whole, then there is no substantial evidence supporting the ALJ's credibility determination, and the ALJ's decision should be reversed and remanded. *See id.; Brosnahan,* 336 F.3d at 677.

In the present action, the ALJ acknowledged the correct criteria–the five *Polaski* factors–in making his credibility determination. (Tr. 18). The ALJ, however, only reviewed the claimant's activities of daily living and the Plaintiff's medical records in making his credibility determination. *Id.* The ALJ noted that the Plaintiff's daily activities included doing household chores such as laundry, dishes, changing sheets, ironing, vacuuming/seeping, taking out the trash, making home repairs, mowing the lawn, raking leaves and doing garden work, shopping for groceries and clothes, going to the bank and the post office, preparing meals, driving, walking for exercise, watching television, listening to the radio, reading, and visiting with friends and relatives. (Tr. 19). The ALJ determined these activities of daily living were inconsistent with the Plaintiff's alleged level of pain, even though none of these daily activities necessarily indicate the Plaintiff would be able to engage in substantial gainful activity. *Id.*

The ALJ also reviewed the Plaintiff's medical records and determined there was a lack of objective medical evidence supporting the Plaintiff's subjective complaints of pain. (Tr. 18). The ALJ stated, "it must first be noted that the medical findings that are present are not consistent with the disabling level of pain and limitation alleged by the claimant." *Id.* The ALJ, however, did not state in the record how the medical findings were inconsistent with the Plaintiff's subjective complaints of pain or how there was an absence of objective medical findings supporting the Plaintiff's allegations.

This Court finds the ALJ's credibility determination was inadequate and not supported by

substantial evidence. In making his credibility determination, the ALJ relied entirely upon the Plaintiff's daily activities and the alleged inconsistencies between the Plaintiff's subjective complaints of pain and the Plaintiff's medical records. As noted above, the ALJ may not discount the Plaintiff's subjective complaints of pain in a fibromyalgia case simply because the Plaintiff can perform household or daily activities. *See Draper,* 425 F.3d at 1131; *Brosnahan,* 336 F.3d at 677. In the present action, the ALJ discounted the Plaintiff's subjective complaints of pain partly because the Plaintiff could perform these daily activities. This was error under the facts in the present action and when taken together with the ALJ's review of the Plaintiff's medical records (as noted below). The Plaintiff's daily activities do not indicate she can perform substantial gainful activity, especially considering the Plaintiff's fibromyalgia diagnosis. *See id.*

The ALJ also should not have based his credibility determination almost entirely upon cursory review of the Plaintiff's medical records. *See Fredrickson,* 359 F.3d at 976. Even though the ALJ claimed he reviewed all of the medical records in this action and compared those medical records to the Plaintiff's subjective complaints of pain, the ALJ did list any specific inconsistencies between the medical records and the Plaintiff's subjective allegations of pain. *See id.; Baker,* 159 F.3d at 1144-45. Instead, the ALJ made a conclusory statement that the medical records were inconsistent with the Plaintiff's subjective complaints of pain. *Id.*

The conclusory statement is not supported by the medical records. The medical records indicate the Plaintiff was diagnosed with fibromyalgia as recently as July 25, 2005 (Tr. 17, 213,-214, 222-225, 248, 252), which, as the Eighth Circuit has recognized, "can be disabling because of its potential for sleep derangement and resulting daytime fatigue and pain." *Brosnahan,* 336 F.3d at 678. The ALJ indicated the Plaintiff only takes Cymbalta, Klonopin, Protonix, and Zocor for

9

pain. (Tr. 19). The Plaintiff's medical records, however, indicate that she takes a number of other pain medications, including Atenol, Lorcet, Darvocet, Etodolac, Tizanidine, and Ultracet. (Tr. 81-100, 225-228, 249, 346-347). The medical records also indicate Plaintiff has a history of foot pain, back pain (Tr. 202, 215, 223, 232-234) and knee pain (Tr. 213-214, 222, 248). These medical records are entirely consistent with the Plaintiff's subjective complaints of pain. The ALJ's conclusory statement that the medical records are inconsistent with the Plaintiff's subjective complaints of pain, without any specific findings or examples of these purposed inconsistencies, is not supported by substantial evidence in the record. *See Brosnahan,* 336 F.3d at 677-78 (holding that where a Plaintiff suffered from fibromyalgia and the ALJ failed to rely on more than the Plaintiff's activities of daily living and a conclusory statement that there were inconsistencies between the Plaintiff's subjective complaints and the Plaintiff's medical records, the ALJ's decision was not supported by substantial evidence in the record). Accordingly, the ALJ's credibility determination is not supported by substantial evidence, and the decision of the ALJ should be reversed and remanded.

On remand, in accordance to *Brosnahan v. Barnhart,* 336 F.3d. 671 (8th Cir. 2003), the ALJ should consider whether the physicians who are treating the Plaintiff for her fibromyalgia, Dr. P Ross Brandy and Dr. Wycoff, should be contacted for additional information regarding the severity of the Plaintiff's condition. Dr. P Ross Brandy has indicated the Plaintiff's fibromyalgia should be treated by stretching five to six times daily, by walking, and by taking pain medication. (Tr. 251, 256). Dr. Wycoff indicated the Plaintiff's fibromyalgia should be treated with pain medication. (Tr. 222-234). Because the Plaintiff's treating physicians merely recommended stretching, walking, and pain medication in order to treat the Plaintiff's fibromyalgia, the Plaintiff's ability to perform

substantial sustain gainful employment is unclear and the ALJ should consider contacting Dr. P Ross Brandy and Dr. Wycoff in order to determine whether the Plaintiff "is capable of substantial gainful employment." *Brosnahan,* 336 F.3d. at 678.

### 4. Conclusion:

Accordingly, based on the foregoing, the decision of the ALJ, denying benefits to the Plaintiff, is not supported by substantial evidence, and should be reversed. This matter should be remanded to the Commissioner for further action consistent with this opinion.

**ENTERED** this **24th day of April, 2007.**

/s/   Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge